SOUTH END BANK & TRUST COMPANY, TRUSTEE
*vs.*
JOSEPH B. HURWITZ, ADMR.

Superior Court        Hartford County        File No. 63299

MEMORANDUM FILED NOVEMBER 19, 1940.

*Buckley, Creedon & Danaher,* and *Joseph W. Ress,* of Hartford, for the Plaintiff.

*Joseph B. Hurwitz,* of Hartford, for the Defendant.

FOSTER, J.   For the purposes of this demurrer we must assume the allegations of the complaint to be true.

On October 10, 1939, one Isaac Berman executed a deed purporting to convey two certain pieces of real estate in Hartford unto himself as trustee, his heirs and successors.   Following the habendum clause of the deed appear the following paragraphs:

"I, said trustee, Isaac Berman, hereby agree to hold and manage said premises, collect the rents and income therefrom, pay all taxes, water bills, and assessments during my natural life.

"Said trustee agrees to hold said premises for Robert Berman, his grandson, for the purposes which shall hereinafter be set out.

"Said trustee shall manage and control said premises for his own use and benefit for and during his natural life.   Said trustee shall have the right to mortgage, sell, transfer, assign, deed or do any and all things which he deems necessary for the proper handling and disposition of said premises.

"In the event I do not sell, transfer, or dispose of this property, I hereby agree to transfer and deed said premises to my grandson, Robert Berman, the beneficiary heretofore described, if and when he shall reach the age of thirty-six (36) years, and if I shall determine, at said time, that he is qualified to handle and manage such property for himself, and if he is personally deservant of the transfer of such premises to him."

The deed purports to be executed in the presence of two witnesses and to be acknowledged before a notary public.

Isaac Berman died on October 11, 1939, the day after he executed the deed.

On October 19, 1939, Saul Berman was appointed administrator of the estate of Isaac Berman, deceased, and took possession of the real estate described in the deed. On February 21, 1940, Saul Berman resigned as such administrator, and on that day the defendant was appointed to be such administrator and is now acting as such and has possession of such real estate.

On January 6, 1940, the plaintiff was appointed successor trustee of the trust estate purported to be created by the deed.

The plaintiff brings this action to secure possession of the real estate, as well as an accounting of the rents and profits since October 11, 1939.

To the complaint, of which a copy of the deed is a part, the defendant demurs on various grounds. A trust involves three elements: "(1) A trustee, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) a beneficiary, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) trust property, which is held by the trustee for the beneficiary." Restatement, Trusts §2, comment h.

In this instance there was no equitable duty upon Isaac Berman, trustee, which the beneficiary, Robert Berman, could enforce in a court of equity. There is no designated beneficiary to whom the trustee owed an equitable duty, since the settlor under this trust deed merely indicated a person to whom he might convey in the future, if he did not in the meantime dispose of such property, and if he felt inclined to do so. There is no trust property which is held by the trustee for the benefit of Robert Berman, since the trust deed provides that the rents and profits should accrue to the settlor, and that the settlor could deal with the property as he saw fit without any restraint whatsoever.

The instrument is a conveyance from Isaac Berman, settlor, to Isaac Berman, trustee, for the absolute benefit of Isaac Berman, and in the instrument the settlor names his grandson, to whom in the future he might convey, if, in the meantime,

the settlor—trustee—beneficiary does not sell, transfer or dispose of the property, and if the settlor—trustee—beneficiary shall determine that said grandson is "qualified" and "personally deservant."

The trustee, Isaac Berman, was charged with payment of all rents to Isaac Berman. To whom is a successor trustee to pay the rents? The trustee, Isaac Berman, had the power to sell property and so terminate the trust. So far as appears in the deed creating the trust, the successor trustee has the same right to sell real estate and so terminate the trust.

Many questions may be raised and discussed at length regarding this very peculiar instrument.

I am of the opinion that the deed in question does not create a valid trust.

The demurrer to the complaint is sustained.